IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA M. OWENS, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § | Civil Action No. 4:17-cv-602 |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, A/K/A FANNIE MAE and SETERUS, INC., | | |
| Defendants. | | |

### DEFENDANTS' ORIGINAL COUNTERCLAIM

Defendant/Counter-Plaintiffs Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc. ("Seterus" and together with Fannie Mae as "Defendants") files this *Original Counterclaim* against Plaintiff/Counter-Defendant Patricia Owens ("Plaintiff" or "Owens") and respectfully shows as follows:

## I.   COUNTERCLAIM

### A. Background

1.   Plaintiff filed this action on January 15, 2015, in 98th Judicial District Court of Harris County, Texas.  The allegations in Plaintiff's Original Petition relate to a home equity foreclosure initiated by Defendants.  The action was properly removed to this Court on February 23, 2017. [ECF Doc. No. 1.]

### B. Parties and Jurisdiction

2.   Fannie Mae is a defendant and counter-plaintiff in this cause.

3.   Seterus is a defendant and counter-plaintiff in this case.

4. Plaintiff/Counter-Defendant Angela Owens has previously appeared in this cause. She may be served through her counsel of record at c/o Robert C. Lane, Anh Thu N. Dinh, Dominique N. Hinson, the Lane Law Firm, 200 Savoy, Suite 1150, Houston, Texas 77036.

5. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Counter-Plaintiff, Counter-Defendant, and the remaining Defendant. In addition, more than $75,000.00 is in controversy in this cause, exclusive of interest and costs, as further detailed in the Notice of Removal. 28 U.S.C. § 1332.

**C. Summary of Facts**

6. On or about April 5, 2006, Owens executed a Texas Home Equity Fixed Rate Note ("Note") for $120,000.00 payable to GreenPoint Mortgage Funding, Inc. as lender on a loan secured by the real property commonly known as 5203 Bay Pines Drive, Katy, Texas 77449 (the "Property") and more particularly described as follows:

> Lot 10, Block 7, of WESTFIELD VILLAGE, SECTION ONE (1), a Subdivision HARRIS County, Texas, according to the map or plat thereof, recorded in Volume 293, Page 53, of the Map Records of HARRIS County, Texas. (the "Property")

7. Concurrently with execution of the Note, Owens executed a Texas Home Equity Security Instrument ("Security Instrument" and together with the Note, the "Loan Agreement") with said Security Instrument being recorded in the official public records of Harris County, Texas as Document No. 101106189. Fannie Mae is the current legal owner and holder of the Note and mortgagee of the Security Instrument as reflected in that that certain Corporate Assignment of Mortgage/Deed of Trust dated November 16, 2011 and filed in the Real Property Records of Harris County, Texas as document number 201003733076. Seterus is the current servicer of the Loan Agreement on behalf of Fannie Mae.

8. Under the terms of the Note and Security Instrument, Owens was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

9. The Loan Agreement further provides that should Owens fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Deed of Trust, then the lender may enforce the Security Instrument, selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement.

10. Owens failed to make her payments under the terms of the Loan Agreement. Notice of default and intent to accelerate was provided to Owens. Owens did not cure the default and, as a result, the debt has been accelerated and all amounts owed on the loan are currently due and payable at this time.

11. On August 23, 2016 a Home Equity Foreclosure Application was filed by Fannie Mae as cause number 2016 56103in the 190th Judicial District Court of Harris County, Texas.

12. Owens filed this suit on January 15, 2015 to prevent Fannie Mae from prusing a foreclosure pursuant to its order obtained in that suit. Defendants now file this counterclaim seeking an order for foreclosure.

**D.    Cause of Action—Foreclosure**

13. The foregoing paragraphs are incorporated by reference for all purposes.

14. Defendants assert a cause of action for foreclosure against Owens. Fannie Mae, as the current legal owner and holder of the Note and the mortgagee of record, and Seterus as mortgage servier, have the right to enforce the Note and Security Instrument. Defendants have fully performed its obligations under the Loan Agreement; however, Owens has not complied

with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others).

15. Defendants seek a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment foreclosing on the lien and an order for sale.

16. Fannie Mae has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Owens's failure to comply with the Loan Agreement. Fannie Mae is therefore entitled to and seeks judgment against Owens for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Owens. Fannie Mae seeks an award of attorneys' fees as a further obligation on the Note and not as a money judgment against the Owens personally.

17. All conditions precedent have been performed or have occurred.

**E.   Alternative Cause of Action—Equitable Subrogation**

18. The foregoing paragraphs are incorporated by reference for all purposes.

19. Upon the closing of the Loan Agreement, some of the loan proceeds were used to pay off prior debts that were secured by the Property. These debts were valid and existing loans secured by priority liens on the Property at the time Owens obtained the loan from Fannie Mae's predecessor in interest, GreenPoint Mortgage Funding, Inc.

20. Pursuant to the doctrine of equitable subrogation, Fannie Mae, as successor in interest to GreenPoint Mortgage Funding, Inc., stands in the shoes of any prior secured creditors and acquired their respective lien interests in the Property.

21. Owens breached her obligation to tender full and timely payment to Fannie Mae and Fannie Mae accelerated the amount of the debt owed. Despite written demand, Owens failed

to tender payment for the amount due under the Note.  Defendants thus seeks a judgment declaring the Note to be in default and permitting foreclosure on the Property so that it may recoup the moneys expended to pay off the prior secured debt of Owens.

22. All conditions precedent to Defendant's right to enforce the Note and Security Instrument and to obtain the relief requested herein have been performed or have occurred.

**WHEREFORE,** Defendants requests that they and recover a judgment against Patricia Owens allowing them to proceed with foreclosure in accordance with the Deed of Trust and Texas Property Code section 51.002, or alternatively, a judgment foreclosing the lien and an order for sale, or, in the further alternative, a judgment for foreclosure pursuant to the doctrine of equitable subrogation, plus its interest and attorneys' fees, and all costs of suit as a further obligation on the debt.  Defendants further request such other and further relief to which they may be entitled.

Respectfully submitted,

By:   */s/ Philip W. Danaher*
 **MARK D. CRONENWETT**
 Texas Bar No. 00787303
 Southern District Bar No. 21340
 mcronenwett@mwzmlaw.com

 **PHILIP W. DANAHER**
 Texas Bar No. 24078395
 Southern District Bar No. 2023903
 pdanaher@mwzmlaw.com

 **MACKIE WOLF ZIENTZ & MANN, P. C.**
 14160 North Dallas Parkway, Suite 900
 Dallas, TX 75254
 Telephone: (214) 635-2650
 Facsimile: (214) 635-2686

 **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

   The undersigned certifies that on the 24th day of February, 2016, a true and correct copy of the foregoing document was delivered via ECF Notification to the parties listed below:

Robert "Chip" C. Lane
Anh Thu Dinh
Dominique N. Hinson
The Lane Law Firm P.L.L.C.
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 Telephone
(713) 595-8201 Facsimile